UNITED STATES DISTRICT JUDGE
DISTRICT OF MINNESOTA

| | |
|---|---|
| John R. Stoebner, as trustee for the<br>Bankruptcy estate of Albert A. Garcia, Jr.<br>and Sheila M. Garcia, | Civil No. 13-383 (DWF/LIB) |
| Plaintiffs, | |
| v. | ORDER |
| Bank of America, N.A., and<br>Countrywide Home Loans, a wholly<br>owned subsidiary of Bank of America<br>Corporation, | |
| Defendants. | |

This matter is before the Court on the following motions brought by Albert A. Garcia, Jr. and Sheila M. Garcia (the "Garcias"):  (1) Motion to Stay Proceedings/Actions to Enforce Order Pursuant to Rule 62 (Doc. No. 67); (2) Motion for Relief from September 11, 2014 and May 21, 2014 Orders of the Court Pursuant to Rule 60 (Doc. No. 68); and (3) Rule 65 Motion for Temporary Restraining Order (Doc. No. 71).  The first two motions were filed on October 28, 2014, and the third motion was filed on October 30, 2014.  The Court requested and received a letter response from Defendants Bank of America, N.A., and Countrywide Home Loans, a wholly owned subsidiary of Bank of America Corporation, ("Defendants") on November 3, 2014.

The Garcias appear to generally seek a reversal of this Court's September 11, 2014 entry of an Order of Dismissal in the above-captioned case (Doc. No. 66) and the Court's

corresponding order relating to the substitution of Trustee John R. Stoebner ("Trustee Stoebner") in this matter as Plaintiff (Doc. No. 63). (*See generally* Doc. Nos. 67 & 68.) The Garcias further appear to seek stays that will allow them time to brief their motions. (*See id.*) Finally, with their Motion for a Temporary Restraining Order, the Garcias seek to prevent Defendants from selling the property in question in this suit. (*See* Doc. Nos. 71 & 72.)

The relevant background is accurately stated by Bank of America in its November 3, 2014 letter. (*See* Doc. No. 73.) Specifically, the original suit related to the Garcias' borrowing of funds from Bank of America to purchase a vacation home. The Garcias ultimately defaulted, were foreclosed upon, the relevant property was sold, and the Garcias filed for Chapter 7 bankruptcy relief. The Garcias received a discharge and then filed this suit.

On February 5, 2014, Magistrate Judge Leo I. Brisbois recommended dismissal of the Garcias' claims for lack of standing due to the bankruptcy proceedings. The Garcias attempted to join Trustee Stoebner (Doc. No. 61), and Trustee Stoebner and Bank of America ultimately stipulated to substitution of Trustee Stoebner as Plaintiff (Doc. Nos. 62 & 63.) The Garcias did not object to the substitution until the present motions, which were filed more than five months later. Trustee Stoebner and Bank of America negotiated a settlement and ultimately stipulated to dismissal in this Court. (Doc. No. 65.) The Order of Dismissal was entered on September 11, 2014. (Doc. No. 66.)

The Court concludes that, as Magistrate Judge Brisbois noted, the Garcias' claims belong to the bankruptcy estate. (*See* Doc. No. 48.) The Court also concludes that

Trustee Stoebner was properly substituted as Plaintiff. (*See* Doc. Nos. 62 & 63.) Based on these conclusions, the Court determines that the Garcias have no standing to pursue either the claims in this matter or the motions now before the Court. (*See* Doc. Nos. 48 & 62.)

Even if the Garcias had standing, they still fail to put forth any basis for their Rule 60 and Rule 62 motions. The Garcias have not met the requirement of showing "mistake, inadvertence, surprise . . . [or] newly discovered evidence" or any of the other grounds for relief under Rule 60. Similarly, the Garcias failed to meet the requirements of Rule 62, and the Orders to which they refer have long since been entered in this matter and the period for appeal or any other remedy has passed.

The same is true of their motion for a Temporary Restraining Order. The Garcias fail to set forth any basis for relief under Rule 65. The issues have been fully and properly adjudicated, and the Garcias cannot even begin to meet the required *Dataphase* factors. *See Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). As a result, all three of the Garcias' motions must be denied.

Therefore, based upon the Court's review of the record and all submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

1. The Garcias' Motion to Stay Proceedings/Actions to Enforce Order Pursuant to Rule 62 (Doc. No. [67]) is **DENIED**.

2. The Garcias' Motion for Relief from September 11, 2014 and May 21, 2014 Orders of the Court Pursuant to Rule 60 (Doc. No. [68]) is **DENIED**.

3. The Garcias' Rule 65 Motion for Temporary Restraining Order (Doc. No. [71]) is **DENIED**.

Dated:  November 4, 2014               s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge